| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Caption In Compliance with D.N.J. LBR 9004-1(b)<br>Robert A. Loefflad, Esquire<br>NJ Bar ID# 024791996<br>KingBarnes, LLC<br>2600 New Road<br>Northfield, New Jersey 08225<br>Tel (609) 522-7530<br>Fax (609) 522-7532<br>Email: rloefflad@kingbarnes.com | Order Filed on December 4, 2025<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br>Robert Allan Forester | Case No.: 22-19923<br>Hearing Date: <br>Chapter: 13<br>Judge: JNP |

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

| Recommended Local Form: | ☒ Followed | ☐ Modified |
|---|---|---|

The relief set forth on the following pages numbered two (2) and three (3), is **ORDERED**.

**DATED: December 4, 2025**

_____
Honorable Andrew B. Altenburg, Jr.
United States Bankruptcy Court

After review of the Debtor's motion for authorization to sell the real property commonly known as _____7 Ruth Court, Absecon, New Jersey 08201_____, New Jersey (the Real Property).

**IT IS** hereby **ORDERED** as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒   In accordance with D.N.J. LBR 6004-5(b), Debtor's Motion on Shortened Time included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Scott Reighard of Re/Max Atlantic Realtors |
| Amount to be paid: | $28,000.00 |
| Services rendered: | Listing Realtor |

**OR:** ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

2

5. The amount of $ __21,525.05__ claimed as exempt may be paid to the Debtor.

6. The ☒ *balance of proceeds* or the ☐ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case. Said funds shall be held in trust and not distributed to creditors pending further order of the court.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ☒ The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions:

50% of the net sale proceeds may be paid to the non-debtor spouse, GinaMarie Forester, at the time of closing without further approval of the court.

The stay imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure is hereby waived. The sale may proceed upon entry of this Order.

*rev. 1/12/22*