# *Office of the Chapter 13 Standing Trustee*

## *Andrew B. Finberg, Chapter 13 Standing Trustee*

*Joni L. Gray, Counsel*                                                    *Lu'Shell K. Alexander\**
*Jennifer R. Gorchow, Staff Attorney*                          *Jennie P. Archer\**
*William H. Clunn, III, Staff Attorney*                       *Kelleen E. Stanley\**
                                                                                        *Kimberly A. Talley\**

*\*Certified Bankruptcy Assistant*

April 27, 2026

The Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

> **RE:    Chapter 13 Bankruptcy**
> **Case No. 22-19923 (JNP)**
> **Debtor(s) Name: Robert A. Forester**

Dear Judge Poslusny:

Please accept this letter in lieu of a more formal response and in opposition to Debtor's Motion to Vacate Dismissal Order, which is scheduled for May 12, 2026, at 11:00 a.m.

Debtor filed a Chapter 13 Bankruptcy Petition on December 16, 2022, with the assistance of Robert A. Loefflad, Esquire.   The Court entered an Order Confirming Debtor's Chapter 13 Plan on April 4, 2024, for $4,500 paid to date, plus $500 for thirteen (13) months, then $1,700 for seventeen (17) months, then $2,400 for fourteen (14) months to pay administrative fees of $2,000; Internal Revenue Service for $25,311.32; mortgage arrears to Select Portfolio for $11,544.40; property taxes to City of Absecon for $5,612.23 and a base dividend of $26,000 to the unsecured creditors who timely filed a proof of claim.  Unsecured creditors total $132,165.06.

On November 24, 2025, Debtor filed a Motion to Approve Sale of Property located at 7 Ruth Court, Absecon, New Jersey on Shorten Time (Doc. 41).   Counsel for the Trustee appeared on December 4, 2025, requesting an amended Order requiring that the appreciated value in real estate be forwarded to the Trustee as a base to general unsecured creditors pursuant to the confirmation order entered April 2, 2024. Debtor's counsel appeared unaware of the standard provision per the Order and requested an opportunity to review the matter further. Therefore, the Court entered the Order Approving Sale on December 4, 2025, that required all non-exempt proceeds to be submitted to the Trustee until further order of the Court. This Order granted the Debtor an allowed exemption of $21,525.05, and non-debtor spouse to receive 50% of the proceeds.

Cherry Tree Corporate Center                                           **Payments Only:**
535 Route 38
Suite 580                                                                                   **P.O. Box 1978**
Cherry Hill, NJ 08002                                                   **Memphis, TN 38101-1978**
(856) 663-5002

On December 23, 2025, the Truste received funds of $59,246.44 from the sale proceeds. According to the ALTA Statement provided by Debtor's counsel, Debtor received $21,525 at closing. Debtor's counsel took no further action with regards to their position on the Confirmation Order.

On December 29, 2025, the Trustee reached out to Debtor's counsel via email to advise that a Modified Plan was required within twenty-one (21) days to address the non-exempt proceeds from the sale of Debtors' property.  After receiving no response, on January 16, 2026, the Trustee filed a Motion to Dismiss.

Debtor filed an opposition on February 13, 2026, which stated that a Modified Plan and amended Schedules would be filed prior to the hearing. The Trustee updated the matters after the deadline to resolve matters, recommending dismissal for failure to file the modified plan and amended Schedules. Despite filing the modified plan on February 19, 2026, the day prior to the hearing, Debtor failed to contact the Trustee's to notify of same, nor did they oppose the Trustee's recommendation.  The Court entered the Order of Dismissal on February 20, 2026. The required amended schedules were filed after the hearing on February 20, 2026. On April 2, 2026, the Trustee disbursed a refund to the Debtor of $53,321.80.

Debtor comes before the Court on a Motion to Vacate Dismissal.  Debtor certifies that a Modified Plan and amended Schedules were filed.  Debtor filed the Modified Plan and amended Schedules on February 19, 2026.  The Modified Plan proposes payment of $3,000 for twenty-two (22) months, $21,700 paid through December 1, 2026, and $46,963.49 proceeds from the sale of property.  Schedule J filed on February 19, 2026, reflects disposable income of $3,070.

The proposed order attached to the Motion, requires Debtor to return funds of $43,403.85 to the Trustee and exempts funds of $31,575 pursuant to U.S.C. §522(d)(1).  The Trustee objects.

The Debtor's case is currently dismissed, and a Motion to Vacate the Order of Dismissal should be limited only to that relief. Debtor's attempt to obtain an Order amending their exemptions and changing the terms of the Order of Confirmation, and barring Trustee compensation are improper.  If Debtor wishes to pursue those actions, the appropriate motions and amendments should be filed after the Order of Dismissal is vacated. What is further improper is the Motion relies on the signed affidavit of the Debtor, which strays from a factual account of events within the Debtor's personal knowledge, and attempts to brief underlying legal issues in violation of D.N.J LBR 7007-1.

However, if the Debtor were to amend their Schedule C to utilize their full §522(d)(1) exemption, their case was filed on December 16, 2022, and they are only entitled to an exemption of $27,900. The Debtor did not object to the language requiring the appreciated equity to be provided to the Trustee when the case was confirmed in 2024, nor did Counsel seem aware of the standard language utilized in every confirmation order submitted by the Standing Trustee's Office beginning in 2021. As for barring further Trustee compensation, the Trustee's

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **3**

office does not take compensation when funds are returned to the estate, despite the unfounded insinuation, by Debtor's Counsel, that the Trustee's office would purposefully attempt to do so. Again, if the Debtor should wish to pursue any of these matters, the proper path would be to do so after case dismissal order has been successfully vacated.

Based on the foregoing, the Trustee respectfully requests that Debtor's Motion be denied. Should the Court grant Debtor's Motion, the Trustee respectfully requests that an amended Order be submitted removing all references to matters beyond the scope of vacating the Order of Dismissal and the full $53,321.80 returned to the Trustee pending confirmation of the proposed modified plan.

As always, please feel free to contact this office with any questions or concerns.

Respectfully submitted,

/s/ Andrew B. Finberg,
Andrew B. Finberg,
Chapter 13 Standing Trustee

ABF/kt
cc:    Robert A. Loefflad, Esquire (Via email & ECF/CM)
       Robert A. Forester (Via First Class Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

**P.O. Box 1978**
**Memphis, TN 38101-1978**

Page **3** of **3**